IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

**HUGO SCHVARTZMAN,**

Plaintiff,

vs.

**AMERICAN SECURITY INSURANCE COMPANY,**

Defendant.
_____________________________/

Case No.: **10-CV-20505-Graham-Torres**

(Formerly Miami-Dade County Circuit Court Case No: 10-00315CA04)

FILED by VT D.C.
ELECTRONIC
Feb. 18, 2010
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**DEFENDANT'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§1332, 1441 and 1446, Defendant AMERICAN SECURITY INSURANCE COMPANY, a Delaware corporation ("American Security"), files this Notice of Removal and thereby removes to this United States District Court an action which is pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case No. 10-00315 CA04. Removal is appropriate because complete diversity of citizenship exists and the amount in controversy is in excess of $75,000.00, exclusive of interest and costs. The facts and legal authority supporting this Notice for Removal are as follows:

**CONDITIONS OF REMOVAL**

1. On or about January 19, 2010, the Complaint was served Defendant American Security. True and correct copies of all pleadings and process served as of this date are attached hereto as Composite **Exhibit "1."**

2. Plaintiff has asserted a cause of action against American Security for an alleged breach of settlement agreement and has demanded attorney's fees pursuant to §627.428, Fla. Stat., See Paragraph 29 of Plaintiff's Complaint for Breach of Settlement Agreement.

Page 1 of 4

Greenberg Traurig, P.A. ■ Attorneys at Law ■ 401 East Las Olas Boulevard ■ Suite 2000 ■ Fort Lauderdale, FL 33301 ■ Tel 954.765.0500 ■ Fax 954.765.1477 ■ www.gtlaw.com

1 of 39

3. This Notice of Removal has been filed less than thirty (30) days from the effecting of service of process upon Defendant American Security.

4. Written notice of the filing of this notice of removal is being filed with the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, and provided to other parties as required by law.

## FACTS ESTABLISHING SUBJECT MATTER JURISDICTION

**Diversity of Citizenship**

5. Plaintiff Hugo Schvartzman ("Plaintiff") alleges that he "was and is a resident of Miami-Dade County, Florida." Complaint, Paragraph 2. Accordingly, Plaintiff is a citizen of the State of Florida.

6. American Security is a Delaware corporation with its principal place of business located at 260 Interstate North Cir., SE, Atlanta, Georgia, 30339. *See* printout from Florida Department of State, Division of Corporations' website, a true and correct copy of which is attached hereto as **Exhibit "2."** Accordingly, Defendant American Security is a citizen of the States of Delaware and Georgia, and complete diversity of citizenship exists.

**Amount in Controversy**

7. The amount in controversy exceeds $75,000.00, exclusive of interest, and costs. As alleged in the Complaint, Plaintiff has sued American Security alleging Breach of a Settlement Agreement, for which Plaintiff is seeking to recover $65,000.00, which is the amount purported settlement.

8. In addition, Plaintiff is seeking to recover attorney's fees pursuant to § 672.428, Fla. Stat. "When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000); *see also Mirras v. Time Ins. Co.*, 578 F. Supp. 2d 1351, 1353 (M.D.

Fla. 2008) (finding that affidavit supporting the assertion that attorney's fees would reach at least $28,000 during the litigation was sufficient evidence for purposes of satisfying jurisdictional amount). To establish the jurisdictional requirements have been met, Defendant can offer affidavits to support its assertion that the amount of attorney's fees incurred throughout the case will reach an amount that, when added to the other claimed damages, will exceed $75,000.00. *See Mirras,* 578 F. Supp. 2d at 1352.

In the instant case, Plaintiff's reasonable attorney's fees will exceed $10,000 solely related to pleadings, discovery, review of documents and motion practice. A greater amount of fees will likely be incurred if this matter proceeds to trial. *See* Declaration of David O. Batista, Esquire attached hereto as **Exhibit "3."**

9. Accordingly, based upon the foregoing, the amount in controversy exceeds $75,000.00, and the jurisdictional requirement pursuant to 28 U.S.C. § 1332 has been met.

10. No admission of fact, law or liability is intended by this notice of removal, and all defenses, affirmative defenses and motions are hereby reserved.

**WHEREFORE,** Defendant American Security respectfully requests that this action be removed from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case No. 10-00315 CA04, to the United States District Court for the Southern District of Florida, because complete diversity of citizenship of the parties exists and the amount in controversy requirement has been met.

Respectfully submitted,

GREENBERG TRAURIG, P.A.
*Attorneys for Defendant American Security Insurance Company*
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, Florida 33301
Telephone: (954) 765-0500
Facsimile: (954) 765-1477

By: ______________________________
**WILLIAM R. CLAYTON**
Florida Bar No. 0485977
**DAVID O. BATISTA**
Florida Bar No. 0175803
**GREENBERG TRAURIG, P.A.**
401 East Las Olas Blvd., Suite 2000
Fort Lauderdale, FL 33301
Telephone: (954) 765-0500
Facsimile: (954) 765-1477
*Attorneys for American Security Insurance Company*

**CERTIFICATE OF SERVICE**

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via facsimile and U.S. Mail to: **J. Warren Frazer,** *Ligman Martin, P.L.,* Palmetto Bay Center, 15715 South Dixie Highway, Suite 329, Miami, Florida 33157 on this 18th day of February 2010.

______________________________
DAVID BATISTA

FTL 107,594,339v1 067871012300

Page 4 of 4

Greenberg Traurig, P.A. ▪ Attorneys at Law ▪ 401 East Las Olas Boulevard ▪ Suite 2000 ▪ Fort Lauderdale, FL 33301 ▪ Tel 954.765.0500 ▪ Fax 954.765.1477 ▪ www.gtlaw.com

IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT IN AND FOR MIAMI—DADE COUNTY, FLORIDA

HUGO SCHVARTZMAN,

Plaintiff,

v.

CASE NO. 10-00315CA04

AMERICAN SECURITY INSURANCE COMPANY,

FLORIDA BAR NUMBER: 673927

Defendant.

**CIVIL ACTION SUMMONS**

_______________________/

RECEIVED IN SERVICE OF PROCESS SECTION 2010 JAN 14 PM 2:26 BY FLORIDA DEPARTMENT OF FINANCIAL SERVICES

THE STATE OF FLORIDA:
To Each Sheriff of Said State:
YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint or Petition in this action on the following Defendant:

AMERICAN SECURITY INSURANCE COMPANY
c/o Florida Department of Financial Services
Service of Process
Revenue Process Section
P.O. Box 6200
Tallahassee, Florida 32314-6200

who is required to serve written defenses to the Complaint or Petition on counsel for Plaintiff(s):

J. WARREN FRAZER, ESQUIRE
Ligman Martin, P.L.
15715 South Dixie Highway, Suite 329
Miami, Florida 33157
Tel. (305) 255-1144 ext. 111
Fax (305) 256-9638

within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of the Court either before service on Plaintiff's attorney or immediately thereafter. If the Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

DATED ON JAN 05 2010, 2010.

HARVEY RUVIN, CLERK

By: ______________________
as Clerk of said Court

And/or by: Sharon Moore 1421
as Deputy Clerk of said Court

SERVED ON DEFENDANT 2010 JAN 19 PM 2:05

EXHIBIT
A
Blumberg No. 5208

**ALEX SINK**
**CHIEF FINANCIAL OFFICER**
**STATE OF FLORIDA**
Florida Department of Financial Services

10-02361

HUGO SCHVARTZMAN,

PLAINTIFF(S),

VS.

AMERICAN SECURITY INSURANCE COMPANY

DEFENDANT(S).

**CASE #:** 10 00315 CA04
**COURT:** CIRCUIT COURT
**COUNTY:** MIAMI-DADE
**DFS-SOP#:** 10-02361

CIVIL ACTION SUMMONS, COMPLAINT FOR BREACH OF SETTLEMENT AGREEMENT, EXHIBITS

## NOTICE OF SERVICE OF PROCESS

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer of the State of Florida. Said process was received in my office by MAIL on the 14th day of January, 2010 and a copy was forwarded by Electronic Delivery on the 19th day of January, 2010 to the designated agent for the named entity as shown below.

AMERICAN SECURITY INSURANCE COMPANY
LYNETTE COLEMAN (gbarber@cscinfo.com)
CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE FL 32301

*** Our office will only serve the initial process (Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent filings, pleadings or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule #1.080.**

*Alex Sink*
Alex Sink
Chief Financial Officer

cc to: Plaintiff's Representative for filing in appropriate court:

J. WARREN FRAZER
SUITE 329
15715 SOUTH DIXIE HIGHWAY
MIAMI FL 33157

TMB



CSC.

CORPORATION SERVICE COMPANY®

BHY / ALL
**Transmittal Number: 7316121**
**Date Processed: 01/19/2010**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Ms. Susan Small<br>Assurant Group<br>260 Interstate North Circle NW<br>Atlanta, GA 30339-2111 |

| | |
|---|---|
| **Entity:** | American Security Insurance Company<br>Entity ID Number 1874436 |
| **Entity Served:** | American Security Insurance Company |
| **Title of Action:** | Hugo Schvartzman vs. American Security Insurance Company |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court:** | Miami-Dade County Circuit Court, Florida |
| **Case Number:** | 10-00315CA04 |
| **Jurisdiction Served:** | Florida |
| **Date Served on CSC:** | 01/19/2010 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | FL - Department of Financial Services on 01/14/2010 |
| **How Served:** | Electronic SOP |
| Sender Information: | J. Warren Frazer<br>305-255-1144 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road Wilmington, DE 19808 (888) 690-2882 | sop@cscinfo.com

IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT IN AND FOR MIAMI—DADE COUNTY, FLORIDA

CASE NO. 10-00315CA04

FLORIDA BAR NO. 673927

HUGO SCHVARTZMAN,

Plaintiff,

v.

AMERICAN SECURITY INSURANCE COMPANY,

Defendant.

_______________________/

**COMPLAINT for BREACH of SETTLEMENT AGREEMENT**

Plaintiff, HUGO SCHVARTZMAN, by and through his undersigned counsel, hereby files this Complaint for Breach of a Settlement Agreement between Plaintiff and Defendant, AMERICAN SECURITY INSURANCE COMPANY, whereby the parties agreed to resolve a disputed property insurance claim, and in support thereof states as follows:

1. This is an action for Breach of a Settlement Agreement that was negotiated between Plaintiff, HUGO SCHVARTZMAN, and Defendant, AMERICAN SECURITY INSURANCE COMPANY, to resolve a disputed insurance claim involving a residential rental property owned by Plaintiff and insured by Defendant, with the amount of the negotiated settlement at issue being $65,000.00 and therefore within the jurisdictional limits of this Court.

2. At all times material hereto, Plaintiff was and is a resident of Miami-Dade County, Florida and is otherwise sui juris.

3. At all times material hereto, Defendant was and is a registered Florida insurance corporation that provides insurance for, and receives premiums from, policyholders in Miami-Dade County, Florida.

4. At all times material hereto, Plaintiff owned a residential property located at 15200 Southwest 272nd Street, Miami, Florida, 33032 (hereinafter, "the Property").

5. At all times material hereto, the Property was insured under property insurance policy no. ALR07422035836 (hereinafter, "the Policy"), issued by the Defendant.

6. Defendant assumed the risk of insuring the Property with full knowledge that Plaintiff did not personally reside in the Property but rather leased it to tenants.

7. On or about October 23, 2008, during the Policy period, Plaintiff discovered that his tenant, and/or some other person(s) presumably acting with the tenant's knowledge, had essentially vandalized the Property, causing extensive damage to the interior of same.

8. Accordingly, since vandalism is not an excluded cause of loss under the Policy, Plaintiff reported a damage claim to the Defendant.

9. Defendant refused to make payment on Plaintiff's insurance claim, so Plaintiff filed a Breach of Contract lawsuit against Defendant, which was subsequently removed by Defendant from the Circuit Court of Miami-Dade County to the United States District Court, Southern District of Florida.

10. In exchanges of electronic correspondence on June 18—19, 2009, copies of which are attached hereto as composite ***Exhibit "A"***, respective counsel for Plaintiff and Defendant agreed to settle the case for $65.000.00, inclusive of attorney's fees and costs.

11. Although the parties had a full and unequivocal agreement as to the amount of the settlement, there remained an ancillary dispute over the names of the payees to be designated on the settlement check(s). Specifically, Defendant agreed that the settlement payment was to include claim proceeds – a portion of which were owed to Plaintiff's public adjuster by virtue of an executed Assignment of Benefits – as well as attorney's fees and costs, but Defendant refused

to secure the vested interests of Plaintiff's public adjuster and legal counsel by including their names as co-payees on the settlement check.[1]

12.    On June 24, 2009, after the parties had agreed to settle the case for $65,000.00 but while they were still negotiating the form of the issuance of settlement proceeds, Defendant served upon Plaintiff a formal Offer of Settlement for the already-agreed-upon amount of $65,000.00, a copy of which is attached hereto as ***Exhibit "B"***.

13.    On July 2, 2009, even though the amount of the settlement was already agreed and the issues of liability and damages were therefore moot, with the only unresolved issue being the form of issuance of payment, Defendant filed a Motion for Summary Judgment in which it falsely alleged that there was no evidence whatsoever that the loss occurred within the Policy period. (In fact Defendant had been furnished with documentary evidence on or about April 27, 2009 indicating that the loss did occur during the Policy period.)

14.    On July 9, 2009, Plaintiff's counsel sent correspondence to Defense counsel confirming Plaintiff's acceptance of the $65,000.00 Offer of Settlement but reiterating Plaintiff's demand for the inclusion of Plaintiff's counsel and public adjuster as named payees on the settlement check, and also stating that Plaintiff intended to seek instruction from the trial court on that detail if the parties could not resolve it between themselves.   A copy of said correspondence is attached hereto as ***Exhibit "C"***.

15.    Defendant acknowledged Plaintiff's acceptance of the $65,000.00 Offer of Settlement but refused to comply with Plaintiff's instructions regarding the settlement draft, and on July 20, 2009 issued a $65,000.00 check to Plaintiff without including Plaintiff's public

---

[1] Plaintiff was admittedly behind in his mortgage payments, due in no small part to his inability to rent out the subject property because Defendant would not issue insurance proceeds needed to pay for necessary repairs; Plaintiff's counsel and public adjuster were therefore concerned that without their names on the check, the mortgage company might hold and/or keep the funds and prevent them from obtaining payment of their fees.

adjuster and legal counsel as designated payees as instructed. A copy of the check and the correspondence it was sent with are attached hereto as ***Exhibit "D"***.

16. Notwithstanding having acknowledged Plaintiff's acceptance of the Offer of Settlement, and in fact having actually sent the settlement proceeds to Plaintiff (albeit without complying with Plaintiff's instructions as to the form of payment), Defendant failed to withdraw its pending Motion for Summary Judgment or give the trial court any notice of the settlement.

17. Plaintiff did not negotiate the check because respective counsel for the parties were still arguing over the issue of the designated payees, and in fact during a phone conference on August 4, 2009, Defense counsel encouragingly informed Plaintiff's counsel that Defendant was considering re-issuing the payment in two separate checks, one for the underlying claim proceeds and one for the associated fees incurred by Plaintiff's representatives.

18. Meanwhile the trial court, not having been notified of the settlement, issued an Order on August 6, 2009 granting Defendant's Motion for Summary Judgment by default.

19. Defendant was so adamant that there had been a binding settlement between the parties that on August 10, 2009, after the trial court had already granted Defendant's Motion for Summary Judgment by default, Defendant filed a Motion to Enforce Settlement Agreement.

20. Defendant is or should be estopped from arguing that the settlement agreement was rendered null and void by the trial court's Order granting the Motion for Summary Judgment by default, because Defendant knowingly filed the aforementioned Motion to Enforce Settlement Agreement after the trial court issued said Order.

21. The trial court declined to rule on Defendant's Motion to Enforce Settlement Agreement on the authority of *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 378 (1994), in which the United States Supreme Court held in relevant part that, "[e]nforcement

of [a] settlement agreement...is more than just a continuance or renewal of the dismissed suit, and hence requires its own basis for jurisdiction," [*Id.*] and further clarified that a federal court is authorized to embody a settlement contract in its dismissal order, but that, "[a]bsent such action, however, *enforcement of the settlement agreement is for state courts*, unless there is some independent basis for federal jurisdiction." *Id.* at 382 (emphasis added).

22. Indeed, when liability and damages were resolved between the parties with the offer and acceptance of a $65,000.00 settlement, the underlying dispute that was the basis for the federal action was rendered moot, and the ancillary dispute over enforcement of the $65,000.00 settlement does not meet the $75,000.00 jurisdictional requirements of the federal court.

23. On September 4, 2009, after the federal court declined to rule on Defendant's Motion to Enforce Settlement Agreement, Defendant sent correspondence to Plaintiff demanding the return of the settlement check it had issued, and later on September 30, 2009 advised that it had stopped payment on said check.

24. Defendant's refusal to comply with Plaintiff's payment instructions pertaining to the $65,000.00 settlement check, and its later action of stopping payment on said check, constitute breach of the settlement agreement.

25. Defendant further breached the agreement, or willfully and deliberately circumvented the intent of same, by filing a Motion for Summary Judgment on the issue of liability after that issue was already rendered moot by mutual settlement, and/or by failing to withdraw said Motion or inform the court of the settlement after the agreement was formalized by Plaintiff's written acceptance of the Offer of Settlement.

26. As a result of Defendant's breach of the settlement agreement, Plaintiff has sustained damages in an amount to be determined at trial.

27. Accordingly, Plaintiff now turns to this Honorable Court for enforcement of the aforesaid settlement agreement, and more particularly, for a ruling on whether or not Defendant should be required to include the names of Plaintiff's counsel and public adjuster as co-payees on the check, or alternatively, issue separate payments.

28. Plaintiff has complied with all conditions precedent to the filing of this action.

29. Plaintiff has engaged the undersigned attorney for the prosecution of this action, and even though this action is for breach of a settlement agreement that resolved a dispute arising out of an insurance contract, and not for breach of the underlying insurance contract itself, the purpose of the action is to recover proceeds that were originally payable under the insurance contract, and as such Plaintiff is entitled to reasonable attorney's fees and costs under Florida Statute §627.428 upon entry or confirmation of an award in his favor.

WHEREFORE, Plaintiff seeks a TRIAL BY JURY and a judgment in his favor for compensatory damages, together with interest, costs and attorney's fees, in addition to any other remedy deemed just and appropriate.

Respectfully submitted this 29th day of December, 2009.

LIGMAN MARTIN, P.L.
*Attorneys for Plaintiff*
Palmetto Bay Centre
15715 South Dixie Hwy.
Suite 329
Miami, Florida 33157
Tel. (305) 255-1144
Fax (305) 256-9638

By: ______________________
J. Warren Frazer, Esq.
Florida Bar no. 673927

**Warren Frazer**

**From:** Joel Levine [joel2121@bellsouth.net]
**Sent:** Thursday, June 18, 2009 7:22 AM
**To:** Warren Frazer; William Clayton
**Cc:** Joseph Ligman; Sara Levy; Tiffanyzlm@bellsouth.net; Linda Smith; Alaine Greenberg
**Subject:** Hugo Schvartzman vs. American Security Ins. Co. / Settlement Idea

Counsel:

First, let me state that no one has communicated with me since the mediation on Tuesday and I'm writing this email solely on my own accord.

Second, from a mediator's viewpoint, the outcome of this mediation was frustrating and I have a proposal to resolve the matter.

At the "end" of the mediation Plaintiff was at $70,000 and defendant at $60,000—both articulating that's as far as you were willing to go.

I am suggesting you settle at $65,000. I know it's an unbearable stretch for both of you, but doesn't it seem foolish to continue spending all the time, money, aggravation, unpredictability, stress and effort over the relatively insignificant difference in your current positions?

As much as each of you believe strongly in your position, I would encourage the following:

Email me by the end of today that you'd go to $65,000. I will only communicate back to you if BOTH of you send me such an email. If neither of you or one of you send me such an email I will not comment further. If you do not hear back from me by tomorrow (and one of you emails your agreement) you can assume I did not hear from the other—however, I will keep that confidential and you will not ask me if I heard from the other side.

It is my fervent hope you will both realize the wisdom of this small compromise and email me your agreement to settle at $65,000.

Thank you. Joel

Contact Information:
Phones: 305.571.1164 or 305.571.7804
Email: joel2121@bellsouth.net

---

----- Original Message -----
**From:** Joel Levine



**To:** Warren Frazer ; William Clayton
**Cc:** Joseph Ligman ; Sara Levy ; Tiffanyzlm@bellsouth.net ; Linda Smith
**Sent:** Tuesday, June 16, 2009 6:01 PM
**Subject:** Hugo Schvartzman vs. American Security Ins. Co. / Mediation

Warren and Bill:

Attached are your individual statements, identical except for you names. I won't be mailing you a copy, so I'd appreciate you printing the statement with your name and processing it at your earliest convenience as they are due upon receipt.

The Report to the Court has been uploaded to the Court which should be sending you an electronic copy.

At the end of the mediation the parties were not very far apart and I hope you can bridge the gap in the near future.

Let me know if I can be of further assistance.

Thank you, Joel

Contact Information:
Phones: 305.571.1164 or 305.571.7804
Email: joel2121@bellsouth.net

**Warren Frazer**

**From:** Warren Frazer [wfrazerlm@bellsouth.net]
**Sent:** Thursday, June 18, 2009 1:39 PM
**To:** 'Joel Levine'
**Subject:** RE: Hugo Schvartzman vs. American Security Ins. Co. / Settlement Idea

Mr. Levine,

In response to your email, copied below, you may advise defense counsel that today the Plaintiff is very reluctantly willing to settle for $65,000.00 plus payment by them of the full cost of Tuesday's mediation, i.e. both halves of the bill.

**J. Warren Frazer, Esq.**
Ligman Martin, P.L.
Palmetto Bay Centre
15715 South Dixie Highway
Suite 329
Miami, Florida 33157

Direct Line: (305) 255-1144, ext. 109
Assistant: (305) 255-1144, ext. 111 (Tiffany)
Fax: (305) 256-9638

The contents of this e-mail message and any attachments are intended for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and, if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.

---

**From:** Joel Levine [mailto:joel2121@bellsouth.net]
**Sent:** Thursday, June 18, 2009 7:22 AM
**To:** Warren Frazer; William Clayton
**Cc:** Joseph Ligman; Sara Levy; Tiffanyzlm@bellsouth.net; Linda Smith; Alaine Greenberg
**Subject:** Hugo Schvartzman vs. American Security Ins. Co. / Settlement Idea

**Counsel:**

**First, let me state that no one has communicated with me since the mediation on Tuesday and I'm writing this email solely on my own accord.**

**Second, from a mediator's viewpoint, the outcome of this mediation was frustrating and I have a proposal to resolve the matter.**

**At the "end" of the mediation Plaintiff was at $70,000 and defendant at $60,000—both articulating that's as far as you were willing to go.**

**I am suggesting you settle at $65,000. I know it's an unbearable stretch for both of you, but doesn't it seem foolish to continue spending all the time, money, aggravation, unpredictability, stress and effort over the relatively insignificant difference in your current positions?**

**As much as each of you believe strongly in your position, I would encourage the following:**

Email me by the end of today that you'd go to $65,000. I will only communicate back to you if BOTH of you send me such an email. If neither of you or one of you send me such an email I will not comment further. If you do not hear back from me by tomorrow (and one of you emails your agreement) you can assume I did not hear from the other—however, I will keep that confidential and you will not ask me if I heard from the other side.

It is my fervent hope you will both realize the wisdom of this small compromise and email me your agreement to settle at $65,000.

Thank you. Joel

Contact Information:
Phones: 305.571.1164 or 305.571.7804
Email: joel2121@bellsouth.net

---

----- Original Message -----
**From:** Joel Levine
**To:** Warren Frazer ; William Clayton
**Cc:** Joseph Ligman ; Sara Levy ; Tiffanyzlm@bellsouth.net ; Linda Smith
**Sent:** Tuesday, June 16, 2009 6:01 PM
**Subject:** Hugo Schvartzman vs. American Security Ins. Co. / Mediation

Warren and Bill:

Attached are your individual statements, identical except for you names. I won't be mailing you a copy, so I'd appreciate you printing the statement with your name and processing it at your earliest convenience as they are due upon receipt.

The Report to the Court has been uploaded to the Court which should be sending you an electronic copy.

At the end of the mediation the parties were not very far apart and I hope you can bridge the gap in the near future.

Let me know if I can be of further assistance.

Thank you, Joel

Contact Information:
Phones: 305.571.1164 or 305.571.7804
Email: joel2121@bellsouth.net

**Warren Frazer**

---

**From:** LevySa@gtlaw.com
**Sent:** Thursday, June 18, 2009 4:37 PM
**To:** wfrazerlm@bellsouth.net
**Cc:** joel2121@bellsouth.net; claytonw@gtlaw.com
**Subject:** Schvartzman v. ASIC
**Attachments:** Schvartzman_ CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE.DOC

Warren,

In connection with Joel's communications with us today, attached please find our form Confidential Settlement Agreement and Release. I look forward to hearing from you.

Thank you,

Sara Levy, Esq.
Greenberg Traurig, P.A.
401 East Las Olas Blvd., Suite 2000
Fort Lauderdale, Florida 33301
Phone: (954) 768-8282
Fax: (954) 765-1477
levysa@gtlaw.com

---

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. To reply to our email administrator directly, please send an email to postmaster@gtlaw.com.

**Warren Frazer**

---

**From:** Warren Frazer [wfrazerlm@bellsouth.net]
**Sent:** Friday, June 19, 2009 10:41 AM
**To:** 'LevySa@gtlaw.com'
**Subject:** FW: Schvartzman v. ASIC
**Importance:** High
**Attachments:** Schvartzman_ CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE.DOC

Re: Hugo Schvartzman v. ASI

Sara,

We have no objections to any of the terms of your proposed release (attached hereto, unmodified).

However, we request that two separate releases be prepared, one to be signed by our client exclusively for the claim proceeds and one to be signed by a representative of our firm for attorney's fees and costs. The releases should indicate the following amounts, with separate checks to be made payable to the following payees:

1. Claim Proceeds: $45,000.00, payable to Hugo Schvartzman, PrimeState Public Adjusters, Inc. and American Home Mortgage Servicing, Inc.;

2. Attorney's Fees & Costs: $20,000.00, payable to Ligman Martin P.A., tax ID #65-0408726.

Also Sara, as an agreed condition of settlement pursuant to my discussions yesterday with mediator Joel Levine, please confirm that ASI will be paying both halves of the mediation bill, i.e. $2,905.00 total. Incidentally, if you are interested to know why we made that particular demand, give me a call and I will explain. We did have reasons other than mere financial consideration.

If you are so willing, so as to avoid requiring our client to make two trips to the office, we would prefer that the releases be sent with the checks. You have our assurances that no monies will be disbursed before the releases are executed and returned. However if your client must have the executed releases in hand before issuing the checks, then please send us the releases immediately by facsimile or email. Feel free to call with any questions or concerns.

Thank you,
J. Warren Frazer, Esq.
Ligman Martin, P.L.
Palmetto Bay Centre
15715 South Dixie Highway
Suite 329
Miami, Florida 33157

Direct Line: (305) 255-1144, ext. 109
Assistant: (305) 255-1144, ext. 111 (Tiffany)
Fax: (305) 256-9638

The contents of this e-mail message and any attachments are intended for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and, if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.

---

**From:** LevySa@gtlaw.com [mailto:LevySa@gtlaw.com]
**Sent:** Thursday, June 18, 2009 4:37 PM
**To:** wfrazerlm@bellsouth.net
**Cc:** joel2121@bellsouth.net; claytonw@gtlaw.com
**Subject:** Schvartzman v. ASIC

Warren,

In connection with Joel's communications with us today, attached please find our form Confidential Settlement Agreement and Release.  I look forward to hearing from you.

Thank you,

Sara Levy, Esq.
Greenberg Traurig, P.A.
401 East Las Olas Blvd., Suite 2000
Fort Lauderdale, Florida 33301
Phone: (954) 768-8282
Fax: (954) 765-1477
levysa@gtlaw.com

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

The information contained in this transmission may contain privileged and confidential information.  It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. To reply to our email administrator directly, please send an email to postmaster@gtlaw.com.

**Warren Frazer**

**From:** LevySa@gtlaw.com
**Sent:** Friday, June 19, 2009 12:25 PM
**To:** wfrazerlm@bellsouth.net
**Cc:** claytonw@gtlaw.com
**Subject:** RE: Schvartzman v. ASIC

Warren,

Given the fact that this is a lender-placed policy, and the lender is the named insured, we must issue one check made payable to the lender and the additional insured, Hugo Schvartzman. Our client has not settled a case with us placing a PA on any check (all other Plaintiff's attorneys have not included a PA either). We told this to the Mediator early on, this week at mediation. We will ask our client if it is willing to include your firm on a separate check (we would need a w-9 from your firm, if so), but our client may be reluctant to do so given the amount of fees, (our client has never paid such an amount only to a law firm, with us). Please let us know if you agree to delete the PA from any check, and we can go from there.

Thank you,

Sara Levy, Esq.
Greenberg Traurig, P.A.
401 East Las Olas Blvd., Suite 2000
Fort Lauderdale, Florida 33301
Phone: (954) 768-8282
Fax: (954) 765-1477
levysa@gtlaw.com

---

**From:** Warren Frazer [mailto:wfrazerlm@bellsouth.net]
**Sent:** Friday, June 19, 2009 10:41 AM
**To:** Levy, Sara (Assoc-FTL-LT)
**Subject:** FW: Schvartzman v. ASIC
**Importance:** High

Re: Hugo Schvartzman v. ASI

Sara,

We have no objections to any of the terms of your proposed release (attached hereto, unmodified).

However, we request that two separate releases be prepared, one to be signed by our client exclusively for the claim proceeds and one to be signed by a representative of our firm for attorney's fees and costs. The releases should indicate the following amounts, with separate checks to be made payable to the following payees:

1. Claim Proceeds: $45,000.00, payable to Hugo Schvartzman, PrimeState Public Adjusters, Inc. and American Home Mortgage Servicing, Inc.;

2. Attorney's Fees & Costs: $20,000.00, payable to Ligman Martin P.A., tax ID #65-0408726.

Also Sara, as an agreed condition of settlement pursuant to my discussions yesterday with mediator Joel Levine, please confirm that ASI will be paying both halves of the mediation bill, i.e. $2,905.00 total. Incidentally, if you are interested to know why we made that particular demand, give me a call and I will explain. We did have reasons other than mere financial consideration.

If you are so willing, so as to avoid requiring our client to make two trips to the office, we would prefer that the releases be sent with the checks. You have our assurances that no monies will be disbursed before the releases are executed and returned. However if your client must have the executed releases in hand before issuing the checks, then please send us the releases immediately by facsimile or email. Feel free to call with any questions or concerns.

Thank you,

J. Warren Frazer, Esq.
Ligman Martin, P.L.
Palmetto Bay Centre
15715 South Dixie Highway
Suite 329
Miami, Florida 33157

Direct Line: (305) 255-1144, ext. 109
Assistant: (305) 255-1144, ext. 111 (Tiffany)
Fax: (305) 256-9638

The contents of this e-mail message and any attachments are intended for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and, if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.

---

**From:** LevySa@gtlaw.com [mailto:LevySa@gtlaw.com]
**Sent:** Thursday, June 18, 2009 4:37 PM
**To:** wfrazerlm@bellsouth.net
**Cc:** joel2121@bellsouth.net; claytonw@gtlaw.com
**Subject:** Schvartzman v. ASIC

Warren,

In connection with Joel's communications with us today, attached please find our form Confidential Settlement Agreement and Release. I look forward to hearing from you.

Thank you,

Sara Levy, Esq.
Greenberg Traurig, P.A.
401 East Las Olas Blvd., Suite 2000
Fort Lauderdale, Florida 33301
Phone: (954) 768-8282
Fax: (954) 765-1477
levysa@gtlaw.com

---

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. To reply to our email administrator directly, please send an email to postmaster@gtlaw.com.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 08-CV-23494-MOORE-SIMONTON

HUGO SCHVARTZMAN,

*Plaintiff,*

v.

JUN 24 2009

AMERICAN SECURITY INSURANCE COMPANY,

*Defendant.*

**DEFENDANT AMERICAN SECURITY INSURANCE COMPANY'S JUNE 24, 2009 OFFER OF SETTLEMENT TO PLAINTIFF HUGO SCHVARTZMAN**

Defendant American Security Insurance Company ("ASIC") makes the following Offer of Settlement ("Offer"), pursuant to Section 768.79, Florida Statutes,[1] to Plaintiff Hugo Schvartzman ("Schvartzman"):

1. This Offer is made as a proposal to resolve all claims between ASIC and Schvartzman, asserted or unalleged.

2. By this Offer, ASIC hereby agrees to pay Schvartzman[2] the total sum of Sixty Five Thousand Dollars ($65,000.00), which total specifically settles, all claims for compensatory (economic and non-economic), extra-contractual, bad faith and punitive damages, if any, prejudgment interest, costs and attorneys' fees. As of the date of service, Schvartzman has made no claim for punitive damages in the case.

---

[1] *See Design Pallets, Inc. v. Gray Robinson, P.A.*, 583 F.Supp.2d 1282, 1285 (M.D.Fla. 2008) (recognizing that Section 768.79 applies to federal diversity cases).

[2] The check, per the subject policy, is to be made payable to Hugo Schvartzman Home Mortgage Servicing.

EXHIBIT B

3. Unless previously withdrawn by ASIC, this Offer shall remain open for thirty (30) days from the date of service hereof. To accept this Offer, Schvartzman must serve upon ASIC written notice that the Offer is accepted within that thirty (30) day period.

4. This Offer is submitted solely pursuant to Section 768.79, Florida Statutes and cannot be used in any other way or as precedent except as provided by law. This Offer cannot be used against ASIC to argue or suggest that Schvartzman's claims have any merit.

5. If the Offer is accepted by the Schvartzman, and ASIC tenders the amount set forth herein, Schvartzman must -- as an explicit condition of this Offer -- dismiss its Complaint against ASIC in this action with prejudice within five (5) days of acceptance of this Offer and no judgment on the record may be entered.[3]

[3] Offers of settlement do "not require the entry of a judgment as a prerequisite." *Menchise v. Akerman Senterfitt*, 532 F.3d 1146, 1152 (11th Cir. 2008) citing *Abbott & Purdy Group, Inc. v. Bell*, 738 So.2d 1024, 1027 (Fla. 4th DCA 1999). "A common reason for settling a lawsuit is to avoid a judgment of record. Therefore, unless the terms of a settlement proposal specifically state that entry of a judgment is contemplated, the proposal [proffered under Section 768.69] should not be so construed." *Bell*, 738 So.2d at 1027.

**CERTIFICATE OF SERVICE**

Undersigned counsel hereby certifies that a copy of the foregoing was served via U.S. mail, Certified Mail, Return Receipt Number 7007 1490 0004 3378 7255 and facsimile on this 24th day of June, 2009, upon **Joseph W. Ligman, Esquire** and **J. Warren Frazer, Esquire**, LIGMAN MARTIN, P.L., 15715 S. Dixie Highway, Suite 319, Miami Florida 33157.

GREENBERG TRAURIG, P.A.
*Attorneys for Defendant American Security Insurance Company*
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, Florida 33301
Telephone: (954) 765-0500
Facsimile: (954) 765-1477

WILLIAM R. CLAYTON
Florida Bar No. 0485977
*claytonw@gtlaw.com*
ALAINE S. GREENBERG
Florida Bar No. 699349
*greenberga@gtlaw.com*
SARA LEVY
Florida Bar No. 0023767
*levysa@gtlaw.com*

Ligman Martin, P.L.
Attorneys at Law

CHRISTOPHER L. LIGMAN
DANIEL V. LIGMAN, P.A.
JAMES C. LIGMAN, P.A.
JOSEPH W. LIGMAN, P.A.
MICHAEL G. MARTIN (1935-1981)
MICHAEL R. SEWARD
J. WARREN FRAZER

15715 S. DIXIE HIGHWA
SUITE 319
MIAMI, FLORIDA 33157

TEL: (305) 255-1144
FAX: (305) 255-3775
E-MAIL:
JOELIGMAN@BELLSOUTH.I

July 9, 2009

*Via Facsimile no. (954) 765-1477 & U.S. Mail*
Sara Levy, Esq.
Greenberg Traurig, P.A.
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, Florida 33301

Re: **Hugo Schvartzman v. American Security Insurance Company (ASIC)**
Case no. 08-CV-23494 (U.S. Dist. Court, Southern Dist. of Fla.)

Dear Ms. Levy,

Regarding the above-referenced matter, please be advised that the Plaintiff ACCEPTS the Defendant's June 24, 2009, Offer of Settlement in the amount of $65,000.00. However, with regard to the payees to be named on the settlement check, it is still our contention that the Plaintiff's public adjuster as well as the undersigned law firm have a contractual interest in the settlement proceeds and accordingly should be named on the check. We understand that the Policy states that settlement proceeds are to be paid to named insureds, which in this case would be the Plaintiff and his mortgage company. However, it says that in every homeowner's policy, and yet in every case we settle, the name of the public adjuster (if there is one) is included on the check, as is the name of our firm unless the attorney's fees are paid separately.

Therefore, while as stated above the Plaintiff does accept the Defendant's June 24, 2009 Offer of Settlement, please be advised that if we cannot come to an agreement on the form of issuance of the settlement proceeds, we intend to seek instruction from the Court on that detail. Accordingly please contact the undersigned (or Joe Ligman of this office) at your earliest convenience so we can make every good faith effort to resolve this aspect of the otherwise agreed-upon settlement before resorting to involving the Court.

We thank you in advance for your anticipated cooperation.

Sincerely yours,

J. Warren Frazer, Esq.
*For the Firm*

JWF/tz

EXHIBIT
C

**Greenberg Traurig**

Sara Levy
Tel. 954.768.8282
Fax 954.765.1477
levysa@gtlaw.com

July 20, 2009

**VIA E-MAIL (WITHOUT ENCLOSURES) & FEDERAL EXPRESS (WITH ENCLOSURES)**

J. Warren Frazer, Esquire
Joseph W. Ligman, Esquire
15715 S. Dixie Highway, Suite 323
Miami, Florida 33157

*Re:* *Schvartzman v. ASIC*
Case No: 08-CV-23494-Moore-Simonton

Dear Messrs. Frazer and Ligman,

In accordance with your stated acceptance of American Security Insurance Company's Offer of Judgment dated June 24, 2009, enclosed please find check number 62135757 in the amount of $65,000.00 for the complete settlement of this case, which you are to hold in trust pending your execution and filing of the enclosed Joint Stipulation for Dismissal with the Court, which we have already signed.

If you have any questions, please do not hesitate to contact me.

Very truly yours,

Sara Levy

cc: William R. Clayton, Esquire

Enclosures

ALBANY
AMSTERDAM
ATLANTA
BERLIN*
BOCA RATON
BOSTON
BRUSSELS*
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON*
LOS ANGELES
MIAMI
MILAN*
NEW JERSEY
NEW YORK
ORANGE COUNTY
ORLANDO
PHILADELPHIA
PHOENIX
ROME*
SACRAMENTO
SHANGHAI
SILICON VALLEY
TALLAHASSEE
TAMPA
TOKYO*
TYSONS CORNER
WASHINGTON, D.C.

EXHIBIT
D

MIAMI AP-CWS-MIAMI

**AMERICAN SECURITY INSURANCE COMPANY**

11222 Quail Roost Drive
Miami, Florida 33157-6596
(305) 253-2244 / FAX (305) 252-6987

JPMORGAN CHASE BANK, N.A.
Syracuse, New York

50-937
213

XAPCWC0

Check # 62135757
Date Issued 07/13/2009

PAY $*********65,000.00

Pay to the Order of: HUGO SCHVARTZMAN AND AMERICAN HOME MORTGAGE SERVICI

PAY: Sixty-Five Thousand and 00/100 Dollars

VOID

Insured HUGO SCHVARTZMAN
Claimant HUGO SCHVARTZMAN
Number ALRALR203583600
Claim No. 00200299467
Cause Of Loss VANDALISM

Payment Type
Sub Producer Code 0F20000
Date Of Loss 10/22/2008

Ana Garzon
Amelia Tamol

⑈0062135757⑈ ⑆021309379⑆601⑈8⑈40713⑈



Ligman Martin, P.L.
Attorneys at Law

CHRISTOPHER L. LIGMAN
DANIEL V. LIGMAN, P.A.
JAMES C. LIGMAN, P.A.
JOSEPH W. LIGMAN, P.A.
MICHAEL G. MARTIN (1935-1981)
MICHAEL R. SEWARD
J. WARREN FRAZER

15715 S. DIXIE HIGHWAY
SUITE 319
MIAMI, FLORIDA 33157
TEL: (305) 255-1144
FAX: (305) 255-3775
E-MAIL:
JOELIGMAN@BELLSOUTH.NET

January 7, 2010

***CERTIFIED MAIL – RETURN RECEIPT***
***#7003 3110 0004 3335 3035***
Department of Financial Services
Service of Process
Revenue Process Section
P.O. Box 6200
Tallahassee, Florida 32314-6200

**Re: Schvartzman, Hugo v. American Security Insurance Company**
**Case No.: 10-00315 CA 04 (Miami-Dade Circuit Court)**

To Whom It May Concern:

Please serve the enclosed Summons and Complaint, which has been issued and filed in Miami-Dade County, FL, on January 5, 2010 upon:

**American Security Insurance Company.**

Enclosed please find my check in the amount of $15.00 for your service.

Thank you.

Sincerely yours,

J. WARREN FRAZER, ESQ.
(Direct Line: 305-255-1144 ext. 109)
(Legal Assistant: Tiffany at ext. 111)

JWF:tz
Enclosure – Original Summons
1 true copy of Summons
1 copy Complaint with Discovery
Check # 1346

IN THE CIRCUIT COURT OF THE
11th JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

HUGO SCHVARTZMAN,

Plaintiff,

CASE NO. 10-00315CA04

vs.

AMERICAN SECURITY INSURANCE COMPANY,

Defendant.

______________________________/

**DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT**

THE ORIGINAL FILED ON FEB 09 2010 IN THE OFFICE OF CIRCUIT COURT DADE CO.

Defendant AMERICAN SECURITY INSURANCE COMPANY ("Defendant"), by and through its undersigned counsel, hereby moves for an extension of time to respond to the Complaint filed by the Plaintiff, Hugo Schvartzman ("Plaintiff"), and states as follows:

1. Defendant was served with the Complaint on or about January 19, 2010.

2. Defendant's response to the Complaint is due on February 8, 2010.

3. Due to other professional commitments and the timing of service of the Plaintiff's Complaint, additional time is needed to investigate and research the factual allegations contained in the Complaint and prepare an appropriate response.

4. Accordingly, Defendant respectfully requests a twenty (20) day extension of time to respond to the Complaint.

5. This is Defendant's first request for an extension in this matter. This request for an extension will not unnecessarily delay this action and neither party will be prejudiced by granting this extension.

**WHEREFORE**, Defendant AMERICAN SECURITY INSURANCE COMPANY respectfully requests that this Court enter an Order extending the time within which Defendant

must respond to Plaintiff's Complaint by twenty (20) days, and awarding such other and further relief as this Court deems just and appropriate.

Respectfully Submitted,

GREENBERG TRAURIG, P.A.
*Counsel for American Security Insurance Co.*
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, Florida 33301
Telephone: (954) 765-0050
Facsimile: (954) 765-1477

By: ______________________
WILLIAM R. CLAYTON
Florida Bar No. 0485977
DAVID BATISTA
Florida Bar No. 0175803

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via facsimile and U.S. Mail to: **J. Warren Frazer, Esquire**, *Ligman Martin, P.L.*, Palmetto Bay Centre, 15715 South Dixie Highway, Suite 329, Miami, Florida 33157 on this 8th day of February, 2010.

______________________
DAVID BATISTA

*FTL 107,584,485v1 2-8-10*

Home Contact Us E-Filing Services Document Searches Forms Help

Previous on List Next on List Return To List Entity Name Search
Events Name History Submit

# Detail by Entity Name

## Foreign Profit Corporation

AMERICAN SECURITY INSURANCE COMPANY

## Filing Information

| | |
|---|---|
| **Document Number** | 858338 |
| **FEI/EIN Number** | 581529575 |
| **Date Filed** | 11/03/1983 |
| **State** | DE |
| **Status** | ACTIVE |
| **Last Event** | NAME CHANGE AMENDMENT |
| **Event Date Filed** | 04/11/1984 |
| **Event Effective Date** | NONE |

## Principal Address

260 INTERSTATE NORTH CIR., SE
ATLANTA GA 30339-2210 US

Changed 08/31/2005

## Mailing Address

11222 QUAIL ROOST DRIVE
2ND FLOOR, D7
MIAMI FL 33157 US

Changed 04/02/2009

## Registered Agent Name & Address

CHIEF FINANCIAL OFFICER
P O BOX 6200 (32314-6200)
200 E. GAINES ST
TALLAHASSEE FL 32399-0000 US

Name Changed: 03/17/2003

Address Changed: 03/17/2003

## Officer/Director Detail

**Name & Address**

Title P

FROBOSE, JOHN
260 INTERSTATE NORTH CIRCLE, SE
ATLANTA GA 30339

EXHIBIT B



Title S

ARAGON-CRUZ, JEANNIE
11222 QUAIL ROOST DRIVE
MIAMI FL 33157

Title VPD

GILL, GAJINDERPAL P
260 INTERSTATE NORTH CIRCLE, SE
ATLANTA GA 30339

Title T

KNOWLES, NEVILLE
260 INTERSTATE NORTH CIRCLE, SE
ALTANTA GA 30339

Title SVPD

LEMASTERS, S. CRAIG
260 INTERSTATE NORTH CIRCLE, NW
ALTANTA GA 30339

Title GC

DECHURCH, GREGORY
11222 QUAIL ROOST DRIVE
MIAMI FL 33157

## Annual Reports

| Report Year | Filed Date |
|---|---|
| 2007 | 03/01/2007 |
| 2008 | 01/11/2008 |
| 2009 | 04/02/2009 |

## Document Images

| | |
|---|---|
| 04/02/2009 -- ANNUAL REPORT | View image in PDF format |
| 01/11/2008 -- ANNUAL REPORT | View image in PDF format |
| 03/01/2007 -- ANNUAL REPORT | View image in PDF format |
| 04/26/2006 -- ANNUAL REPORT | View image in PDF format |
| 03/25/2005 -- ANNUAL REPORT | View image in PDF format |
| 04/25/2004 -- ANNUAL REPORT | View image in PDF format |
| 04/28/2003 -- ANNUAL REPORT | View image in PDF format |
| 02/12/2002 -- ANNUAL REPORT | View image in PDF format |
| 09/19/2001 -- ANNUAL REPORT | View image in PDF format |
| 05/10/2000 -- ANNUAL REPORT | View image in PDF format |
| 05/13/1999 -- ANNUAL REPORT | View image in PDF format |
| 02/24/1998 -- ANNUAL REPORT | View image in PDF format |
| 03/17/1997 -- ANNUAL REPORT | View image in PDF format |
| 02/20/1996 -- ANNUAL REPORT | View image in PDF format |
| 02/22/1995 -- ANNUAL REPORT | View image in PDF format |

www.sunbiz.org - Department of State Page 3 of 3

Note: This is not official record. See documents if question or conflict.

**Previous on List** **Next on List** **Return To List**

**Events** **Name History**

Entity Name Search

Submit

| Home | Contact us | Document Searches | E-Filing Services | Forms | Help |

Copyright and Privacy Policies
Copyright © 2007 State of Florida, Department of State.

http://www.sunbiz.org/scripts/cordet.exe?action=DETFIL&inq_doc_number=858338&inq_came_from=... 2/18/2010

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

**HUGO SCHVARTZMAN,**

Plaintiff,

vs.

**AMERICAN SECURITY INSURANCE COMPANY,**

Defendant.
_______________________________/

Case No.: ____________________

(Formerly Miami-Dade County Circuit Court Case No: 10-00315CA04)

**DECLARATION OF DAVID O. BATISTA IN SUPPORT OF DEFENDANT AMERICAN SECURITY INSURANCE COMPANY'S NOTICE OF REMOVAL**

I, David O. Batista, Esquire, do declare:

1. I am a shareholder in the law firm of Greenberg Traurig, P.A., counsel for Defendant, American Security Insurance Company ("American Security"), in the above-styled action. I am licensed to practice law in the State of Florida and the State of Michigan, and have practiced law in South Florida for over ten (10) years. As such, I am familiar with the hourly billing rates customarily charged in South Florida and the number of hours reasonably incurred to litigate matters similar to the issues raised in Plaintiff's Complaint. I have personal knowledge of the facts set forth herein or knowledge based upon review of the business records of Greenberg Traurig kept and maintained in the ordinary course of its business.

2. I have reviewed the Complaint and have considered the issues that likely will be litigated, the probable course of discovery, the likelihood that there will be some degree of motion practice, and the likelihood that the case will be mediated.

3. The parties will have to prepare and serve Rule 26 disclosures and produce the documents that are the subject of these disclosures. The parties will also likely serve on each

EXHIBIT C

Blumberg No. 5208

other written discovery, including interrogatories, requests for production, and requests for admissions. In addition, the parties will likely depose certain individuals with knowledge regarding the issues raised in this case.

4. The parties are likely to engage in some degree of motion practice, and American Security will likely file a motion for summary judgment.

5. Plaintiff in this action seeks an award of attorneys' fees pursuant to Florida Statutes, § 672.428.

6. Plaintiff's claim is based upon a purposed settlement agreement that was reached between the parties in the case styled: *Hugo Schvartzman v. American Security Insurance Company*, (Case No.: 08-CV-23494) originally pending in the United States District Court for the Southern District of Florida. In that action, where the identical parties were involved, Plaintiff claimed attorneys fees and costs of $20,000 for time associated with pleadings, written discovery and mediation. *See* email dated June 19, 2009 from Plaintiff's counsel Warren Frazer to American Security's counsel Sara Levy, which is attached as part of composite Exhibit "A" to the Complaint. As of the date of the June 19 email, no depositions had been taken and no dispositive motions had been filed.

7. Based upon the foregoing and should Plaintiff prevail on its claim, Plaintiff's reasonable attorney's fees in this matter will easily exceed $10,000 solely related to pleadings, discovery, mediation and motion practice – just as it did in the prior litigation between these identical parties. A greater amount of fees will likely be claimed by Plaintiff should this matter proceed to trial.

8. Nothing herein shall constitute an admission that Plaintiff is entitled to recover such fees.

FTL 107,418,594v2 067871014100
2
Greenberg Traurig, P.A. ▪ Attorneys at Law ▪ 401 East Las Olas Boulevard ▪ Suite 2000 ▪ Fort Lauderdale, FL 33301 ▪ Tel 954.765.0500 ▪ Fax 954.765.1477 ▪ www.gtlaw.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 18th day of February 2010.

DAVID O. BATISTA

Greenberg Traurig, P.A. ■ Attorneys at Law ■ 401 East Las Olas Boulevard ■ Suite 2000 ■ Fort Lauderdale, FL 33301 ■ Tel 954.765.0500 ■ Fax 954.765.1477 ■ www.gtlaw.com